# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AKEEM TYREE GREGORY, | No. 4:20-CV-02308 |
| Petitioner, | (Judge Brann) |
| v. | |
| COMMONWEALTH OF PENNSYLVANIA, *et al.*, | |
| Respondents. | |

## MEMORANDUM OPINION

### DECEMBER 29, 2020

Petitioner Akeem Tyree Gregory ("Petitioner" or "Gregory"), a pre-trial detainee presently confined at the Northumberland County Prison, Pennsylvania, initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on December 9, 2020.[1] Gregory seeks to proceed *in forma pauperis*.[2] For the reasons set forth below, he will be granted *in forma pauperis* status for the sole purpose of the filing of the action and the petition will be summarily dismissed.[3]

---

[1] Doc. 1.
[2] Doc. 2.
[3] Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) permits application of rules to habeas corpus petitions pursuant to 28 U.S.C. § 2241. A petition may be dismissed without review of an answer when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . ." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

## I.     BACKGROUND

Gregory seeks to challenge decisions made in Northumberland County Court of Common Pleas criminal action CP-49-CR-0000698-2020.  According to the electronic docket sheet obtained from The Unified Judicial System of Pennsylvania Web Portal, Gregory has been charged with eleven counts of criminal conduct including Criminal Attempt – Criminal Homicide, two counts of Aggravated Assault, Recklessly Endangering Another Person, Possession of Firearm Prohibited, and multiple counts of Endangering Welfare of Children.[4]  His formal arraignment took place on July 13, 2020; status conferences have been held on August 17, 2020, October 5, 2020, and November 9, 2020; he has participated in motions court on October 6, 2020, and December 16, 2020; and a Pre-Trial Conference is scheduled for January 4, 2021.

He is seeking release on bail based on a violation of his right to a speedy trial and dismissal of all charges against him.[5]  He also seeks recompense for a multitude of civil rights violations.[6]

---

[4]     https://ujsportal.pacourts.us/DocketSheets
[5]     Doc. 1, pp. 6-10.
[6]     *Id.*

## II.   DISCUSSION

### A.   Habeas Corpus Petition

Because Petitioner is a pretrial detainee, the matter is appropriately considered a petition pursuant to 28 U.S.C. § 2241.[7] Federal courts have jurisdiction under 28 U.S.C. § 2241 to issue a writ of habeas corpus before a state court criminal judgment is entered.[8] Accordingly, the petition is properly filed as one pursuant to 28 U.S.C. § 2241.

Generally, federal courts must adjudicate all cases and controversies that are properly before them.[9] Abstention, however, "is the judicially created doctrine under which a federal court will decline to exercise its jurisdiction so that a state court or state agency will have the opportunity to decide the matters at issue."[10] In *Younger v. Harris*, the United States Supreme Court "established a principle of abstention when federal adjudication would disrupt an ongoing state criminal

---

[7]   *See Glazewski v. United States*, No. CV 16-3052 (RBK), 2017 WL 2899686, at *1 (D.N.J. July 6, 2017) collecting the following cases: "*See Thomas v. New Jersey*, No. 16–1436, 2016 WL 345701, at *1 (D.N.J. June 20, 2016) (construing habeas petition that was filed under § 2254 as one that is filed under § 2241 because petitioner is a state pretrial detainee); *Smith v. Pennsylvania State Attorney Gen.*, No. 11–1813, 2011 WL 6012976, at *1 (M.D. Pa. Nov. 3, 2011) (holding that as a pretrial detainee, petitioner was not in custody pursuant to a state court judgment and could not proceed under § 2254, but could proceed under § 2241), report and recommendation adopted, 2011 WL 6012933 (M.D. Pa. Dec. 1, 2011); *Avila v. New Jersey*, No. 07–3387, 2007 WL 2682937, at *4 n.4 (D.N.J. Sept. 6, 2007)."

[8]   *See Moore v. De Young*, 515 F.2d 437, 441–42 (3d Cir. 1975); *see also Duran v. Thomas*, 393 F. App'x. 3, 4 (3d Cir. 2010) (stating "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pre-trial detainee who is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotation marks and citations omitted).

[9]   *New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 358 (1989).

[10]   *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 746 (3d Cir. 1982).

proceeding."[11] The *Younger* Court based its decision on the principles of comity and "the longstanding public policy against federal court interference with state court proceedings."[12] *Younger* abstention applies when the following three requirements are met: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims."[13]

Notably, even when all requirements are met, abstention is not appropriate when the following extraordinary circumstances exist: "(1) the state proceedings are being undertaken in bad faith or for purposes of harassment or (2) some other extraordinary circumstances exist, such as proceedings pursuant to a flagrantly unconstitutional statute. . . ."[14] These exceptions are to be narrowly construed.[15]

It is evident from both the electronic docket and his petition, that Gregory is involved in ongoing criminal proceedings which implicate important state interests; he is awaiting trial on pending criminal charges. It is also clear, based on the recent notice of a pretrial conference, that the state court is moving the case in the direction of a trial and final disposition, and that state court process remains

---

[11] *Yang v. Tsui*, 416 F.3d 199, 202 (3d Cir. 2005) (discussing *Younger v. Harris*, 401 U.S. 37 (1971)).

[12] *Younger*, 401 U.S. at 43.

[13] *Lazaridis v. Wehmer*, 591 F.3d 666, 670 (3d Cir. 2010) (quoting *Addiction Specialists, Inc. v. Twp. of Hampton*, 411 F.3d 399, 408 (3d Cir. 2005)).

[14] *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989).

[15] *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991).

available to him.  Because there is relief available at the state court level, there is an absence of extraordinary circumstances that would warrant the intervention of a federal court on this issue.  Thus, out of deference to the state judicial process, it is appropriate to abstain from entertaining the petition.  Indeed, "[i]n no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings."[16]

### B. Civil Rights Claims

Gregory also includes civil rights claims in his habeas petition.  "Habeas relief is clearly quite limited: 'The underlying purpose of proceedings under the 'Great Writ' of habeas corpus has traditionally been to 'inquire into the legality of the detention, and the only judicial relief authorized was the discharge of the prisoner or his admission to bail, and that only if his detention were found to be unlawful.' "[17] When seeking to impose liability due to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, the appropriate remedy is a civil rights action.[18]  "Habeas corpus is not an appropriate or available federal remedy."[19]

---

[16] *Evans v. Court of Common Pleas*, 959 F.2d 1227, 1234 (3d Cir. 1992).
[17] *Leamer v. Fauver*, 288 F.3d 532, 540 (3d Cir. 2002) (quoting Powers of Congress and the Court Regarding the Availability and Scope of Review, 114 Harv.L.Rev. 1551, 1553 (2001)).
[18] *See Leamer*, 288 F.3d at 540.
[19] *See Linnen v. Armainis*, 991 F.2d 1102, 1109 (3d Cir. 1993).

Those claims for which Gregory seeks to impose liability due to the deprivation of certain rights and privileges are erroneously included in this petition for writ of habeas corpus as they do not involve a challenge to the legality or fact or duration of his present incarceration. Consequently, they will be dismissed without prejudice to his right to reassert them in a properly filed civil rights action.

## III. CONCLUSION

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge